**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>**JOSE LUIS QUILES VAZQUEZ;<br>RAQUEL EUNICE DIETSCH<br>MARTINEZ**<br><br>Debtors | **CASE NO. 11-03226 (MCF)**<br><br>**CHAPTER 13** |
| **JOSE LUIS QUILES VAZQUEZ &<br>RAQUEL EUNICE DIETSCH<br>MARTINEZ**<br><br>Plaintiffs,<br><br>**v.**<br><br>**ORIENTAL BANK**<br><br>Defendant | **ADV. NO. 15-00131** |

## <u>OPINION AND ORDER</u>

The Plaintiffs, Jose Luis Quiles Vazquez and Raquel Eunice Dietsch Martínez (hereinafter, the "Debtors"), filed the instant adversary proceeding against the Defendant Oriental Bank (hereinafter, the "Oriental") alleging that it willfully violated the automatic stay by sending monthly account statements and demanding payment for a line of credit, since the filing of the bankruptcy petition (Docket No. 1). Before the Court are cross motions for summary judgment brought by Oriental and Debtors (Docket Nos. 18 and 27).[1] The Court must address whether the account statements sent by Oriental were "an act to collect" in willful violation of the automatic stay. For the reasons stated herein, the Court denies Oriental's motion for

---

[1] The Debtors' motion is for partial summary judgment.

1

summary judgment; and grants Debtors' partial motion for summary judgment with respect to the violation of the automatic stay.

## I.  JURISDICTION

The Court has jurisdiction to hear this case, pursuant to 28 U.S.C. § 1334 and the general order of the United States District Court for the District of Puerto Rico dated July 19, 1984, which refers title 11 proceedings to the Bankruptcy Court. This is a core proceeding, pursuant to 28 U.S.C. § 157(b). The Court will only address herein the core proceeding of whether or not Oriental incurred in willful violation of the automatic stay under 11 U.S.C. § 362.[2]

## II.  MOTION FOR SUMMARY JUDGMENT

Under Fed. R. Civ. P. 56(c), made applicable in bankruptcy by Fed. R. Bankr. P. 7056, a summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). Summary judgment is appropriate for piercing the pleadings and assessing the proof in order to determine whether a trial is required. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). It is proper to enter summary judgment when the movant shows that there are no genuine disputes of material fact and as a consequence the movant is entitled to judgment as a matter of law. Id. at 322; Policastro v. Northwest Airlines, Inc., 297 F.3d 535, 538 (6th Cir. 2002). This matter is appropriate for summary judgment disposition as there are no material facts in dispute and it is a matter of law. In re Colarusso, 382 F.3d 51 (1st Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986)); Vega-Rodriguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997).

---

[2] Unless expressly stated otherwise, all references to "Bankruptcy Code" or to specific statutory sections shall be to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101, et seq. All references to "Rule or Rules" are to the Federal Rules of Civil Procedure. References to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure.

2

## III. UNDISPUTED MATERIAL FACTS

1.      On April 15, 2011, Debtors filed a voluntary petition under Chapter 13, Case Number 11-03226 (Docket No. 1 at 5; Docket No. 10 at 3).

2.      Oriental was included in both the master address list and in Schedule F "Creditors Holding Unsecured Claims" of the bankruptcy petition with regards to Debtors' pre-petition credit card debt in the amount of $2,821.47 and received notice of the bankruptcy filing (Docket No. 1 at 5; Docket No. 44 at 2).

3.      On August 20, 2011, Oriental was given notice that the previous day an order had been entered confirming the Debtors' plan (Docket No. 1 at 7; Docket No. 10 at 5; & Docket No. 44 at 3).

4.      Oriental sent account statements to Debtors on January 31, 2014, March 31 2014, April 30, 2014, August 31, 2014, November 30, 2014, December 31, 2014, January 31, 2015, February 28, 2015, and March 31, 2015 (Docket No. 1, Exhibit 1-3; Docket No. 33 at 12; & Exhibit 1 at 2-3).

5.      During this time, Debtors made phone calls to Oriental asking a representative of the bank to stop mailing the account statements because they were under the protection of the bankruptcy proceedings (Docket No. 1 at 6; Docket No. 10 at 4).

6.      On February 2, 2014, Co-Debtor Jose Luis Quiles called Oriental and spoke with Ramon Sanchez, a representative of the bank. During the phone call, Mr. Quiles informed Mr. Sanchez that he was receiving account statements amidst undergoing a bankruptcy procedure. Mr. Sanchez informed Mr. Quiles that he was aware of the bankruptcy proceeding and that he would verify the cause of remittance in order to rectify the situation. (Docket. No. 1 at 6; Docket No. 10 at 4; & Docket No. 33, Exhibit 1 at 3).

## IV. LEGAL ANALYSIS

Debtors argue that Oriental violated the automatic stay when Oriental mailed several account statements corresponding to the Debtors' revolving credit loan. Oriental answered that "there is no evidence of bad faith or malice" in sending out the account statements (Docket No. 18 at 2). Oriental presented a statement under penalty of perjury by one of its employees that

3

indicated that the account statements sent to Debtors were part of a technical problem that Oriental had due to codification of its accounts as a result of the merger of Oriental and Banco Bilbao Vizcaya Argentaria. (Affidavit Statement Under Penalty of Perjury; Docket No. 18-2). Oriental added that the account statements are informative and do not demand payment (Docket No. 44).

The automatic stay prohibits communication by a creditor to a debtor to collect on a pre-petition claim. Not all communications by creditor to a debtor are barred by the automatic stay. In re Claudio, 2012 Bankr. Lexis 5041 (Bankr. D.P.R. 2012). Communicating the existence of a debt is an "act to collect" if it overtly demands payment, coerces its recipient to provide payment, or lacks valid informational purpose. In re Thomas, 554 B.R. 512, 520 (Bankr. M.D. Ala. 2016).

A willful violation of the automatic stay does not require a specific intent to violate the automatic stay. Fleet Mortgage Group v. Kaneb, 196 F.3d 265, 269 (1st Cir. 1999). A willful violation of the stay is met when a creditor's conduct in the collection of pre-petition debt was intentional, and committed with knowledge of the pendency of the bankruptcy case. Laboy v. Doral Mortgage Corp., 647 F.3d 367, 374 (1st Cir. 2011). In Kaneb, the Court of Appeals for the First Circuit decided that:

> In cases where the creditor received actual notice of the automatic stay, courts must presume that the violation was deliberate. The debtor has the burden of providing the creditor with actual notice. Once the creditor receives actual notice, the burden shifts to the creditor to prevent violations of the automatic stay.

Kaneb, 196 F. 3d at 269.

When a creditor communicates with the debtor there must be a valid purpose in communicating the information and if the communication itself is informational only, it cannot demand payment nor have the effect of coercing payment. Thomas, 554 B.R. at 520. A bankruptcy court recently ruled that monthly account statements sent to a debtor do not violate the stay if the letter includes a bankruptcy disclaimer because it becomes informative. In re Navarro, 2017 Bankr. Lexis 52 (Bankr. D.P.R. 2017). Other courts have suggested that disclaimer language in an account statement must be unambiguous and sufficient to alert a debtor

4

that if he is protected by the automatic stay, then the statement is for compliance and/or informational purposes only. In re Schatz, 452 B.R. 544, 550 (Bankr. M.D. Pa. 2011). The bankruptcy court in one case noted that the decision in Schatz found that when determining if an account statement violates the stay–in addition to looking for disclaimer language–it must analyze if the letter includes an amount being past due, if it demands immediate payment and if it threatens consequences for the debtor's failure to act. In re Brown, 481 B.R. 351, 360 (Bankr. W. Pa. 2012).

Oriental claims that the account statements sent to the Debtors were of informative nature and that said communication with Debtors does not violate the automatic stay. A detailed observation of the account statements that were submitted as part of the summary judgment evidence reveals that some of the account statements were not informative but instead constitute a violation of the stay. The account statements corresponding to January 31, 2014, March 31, 2014, August 31, 2014, November 30, 2014, January 31, 2015, February 28, 2015, and March 31, 2015 are of coercive nature. These account statements summarize information of two bank accounts: Progresa (Account No. 1614004410) and Revolving Credit Loan (Account No. 1614004410-00001). The Progresa account's summary does not demand payment, but the Revolving Credit Loan account summary indicates that payment should be made at a specified date. The summary of the Revolving Credit Loan contains the following information: (1) the account balance, (2) amount due (3) a due date and (4) interest payable. The amount due for these accounts statements increases each month and indicates that the debt is due on the following month. As such, the demand for payment on the account statements for the revolving credit loan pertaining to the months of January 31, 2014, March 31, 2014, August 31, 2014, November 30, 2014, January 31, 2015, February 28, 2015, and March 31, 2015 constitutes a violation of the automatic stay. The issuance of account statements that overtly demand payment without a disclaimer may affect a debtor's mental peace and it is contrary to the idea behind the automatic stay, "giving the debtor breathing room to arrange his or her affairs." JEFFREY T. FERRIELL & EDWARD J. JANGER, UNDERSTANDING BANKRUPTCY 608 (3rd ed. 2013).

At the hearing held on May 17, 2017, Oriental relied on a case decided in this district, Crespo Torres v. Santander Financial Services d/b/a Island Finance (In re Crespo Torres), Case

5

No. 14-00127, Docket No. 28, in support of its argument that its communications with Debtors were informative.  The Court notes that this case was not briefed in the motions. Nevertheless, the facts dealt with in the cited opinion are distinguishable from those at hand. In Crespo Torres, debtor alleged a stay violation due to creditor's communication through a letter notifying a change in ownership of debtor's loan; which is not the situation before this Court.

Oriental contends that the accounts statements were issued by mistake due to a technical error in its computer system.  Various courts have considered the "technical error" defense raised by Oriental as the "computer did it defense." Rijos v. Vizcaya, 263 B.R. 382, 392 (B.A.P. 1st Cir.  2001). The defense consists of alleging that the account statements were sent to Debtors due to a computer error. In Rijos, the Bankruptcy Appellate Panel for the First Circuit Court of Appeals ruled that "under the standard articulated by the court in Kaneb, 'the computer did it defense' is not viable and that the bankruptcy court erred in absolving Citibank from liability under § 362(h) on the grounds that the computer automatically issued a bill while a new software system was being installed." Rijos, 263 B.R. at 392. Bankruptcy courts from other circuits have ruled that "[a] creditor's internal disorder does not excuse it from violating the automatic stay." In re Wedco Manufacturing Inc., 2014 WL 5573433 (Bankr. D. Wyo. 2014) (citing In re Campion, 294 B.R. 313 (B.A.P. 9th Cir.  2003)). The court in Wedco held that, as a practical matter, it did not perceive a difference "between a computer program that does not perform tasks accurately and a clerical employee who does not perform tasks accurately." Id. Therefore, Oriental's assertion indicating that the account statements were sent due to a computer malfunction is not a valid defense. As such, the demand for payment on the account statements for the revolving credit loan should not have been sent to the Debtors, as admitted by Oriental's employee in the Statement Under Penalty of Perjury (Affidavit Statement Under Penalty of Perjury; Docket No. 18-2). By sending these seven statements, Oriental violated the automatic stay.

The Court notes that two other account statements, pertaining to the months of April 30, 2014 and December 31, 2014, are different from the account statements previously discussed. These two account statements do not contain a section on the account summary for the

Revolving Credit Loan. They begin by informing new fees[3] and earnings on interests[4] that shall apply to the bank's customers beginning on a specific date. The rest of the content of these two account statements show the summary of the Progresa account and data unrelated to collection efforts. Although the account statements corresponding to April 30, 2014 and December 31, 2014 do not contain a bankruptcy disclaimer, a thorough examination of its text leads us to conclude that the substance of these account statements is aimed at informing all of the bank's customers of changes in fees and earnings on interests. Since they do not communicate the existence of a debt they cannot be deemed as an "act to collect" because their content does not overtly demand payment, coerce the recipient to provide payment, or lacks valid informational purpose. Thomas, 554 B.R. at 520. As such, these two account statements for April 30, 2014 and December 31, 2014 do not violate the automatic stay; however, the other seven statements do in effect violate the automatic stay.

### CONCLUSION

Therefore, this Court DENIES Oriental's motion for summary judgment; and GRANTS Debtors' partial motion for summary judgment with respect to the violation of the automatic stay. The Court shall hold an evidentiary hearing to address Debtors' claims regarding damages and attorney's fees. A separate order shall be issued scheduling a pre-trial conference.


IT IS SO ORDERED


In San Juan, Puerto Rico, this 24th of May 2017.

_____
MILDRED CABAN FLORES
U.S. Bankruptcy Judge

---

[3] See Docket No. 1-1, page 3.
[4] See Id. at 6.

7